**Odell M. HARDISON, Plaintiff,**

**v.**

**Leo R. WEINSHEL, Defendant and Third-Party Plaintiff,**

**v.**

**MILWAUKEE COUNTY, a body corporate, Third-Party Defendant.**

**Civ. A. No. 73-C-28.**

United States District Court,
E. D. Wisconsin.

May 25, 1978.

Lester A. Pines, Madison, Wis., for plaintiff.

James L. Thomas, Milwaukee, Wis., for defendant and third-party plaintiff.

Robert Ott, Asst. Corp. Counsel, Milwaukee, Wis., for third-party defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On February 17, 1978, a stipulation for settlement of this action was filed with the court. The settlement provided for payment of $4,500 by Dr. Weinshel and his insurer to the plaintiff, and for payment of $4,500 by Milwaukee County to the plaintiff. The sums were paid into court, the action was dismissed, and on May 6, 1978, the clerk of court was ordered to pay $7,950 to the plaintiff and his attorney. Remaining on deposit, therefore, is $1,050. The matter is presently before the court on plaintiff's motion to hold invalid the lien of his former attorney in the amount of $1,050. For the reasons hereinafter stated, the motion will be granted.

The retainer contract entered into by Odell M. Hardison and his former attorney, Jerome A. Tepper, on May 5, 1973, provided in part:

> "Odell Hardison of Box C Waupun, having sustained injuries and damages and other losses, resulting from loss of eye on Dec. 17, 1972, at Univ. Hosp. Madison, Wis. in consideration of the services agreed to be rendered and furnished, do hereby employ Jerome A. Tepper, as my attorney, to adjust and settle my claim or in their discretion to bring suit thereon, for damages and injuries and out of the proceeds of said settlement, judgment, monies, etc. agree to give them 30% thereof as their compensation, and in the meantime I give them a valid lien for said amount of my said claim. I agree to pay disbursements, but no charge for services is to be made me unless successful in recovering."

Mr. Tepper claims that he conveyed an offer from Dr. Weinshel and his insurer to the plaintiff in the amount of $3,500 in the fall of 1976, which offer plaintiff rejected; that the ultimate settlement entered into by the plaintiff with Dr. Weinshel and his insurer was only $4,500; and, therefore, that Mr. Tepper is entitled to 30% of $3,500, that having been a reasonable settlement offer when made.

Plaintiff argues that the $3,500 offer was not a firm offer but rather one which the defendant Weinshel's counsel proposed before having consulted his client, and, therefore, in view of plaintiff's rejection, that it was not the type of offer against which a lien could attach. He also argues that settlement was reached on the pendent state negligence claim rather than on the civil rights claim which was the basis for the $3,500 offer, and, finally, that Mr. Tepper's withdrawal from the case nullifies any claim which he might have had to any portion of the settlement proceeds.

■ The Court is persuaded that Mr. Tepper's withdrawal, under the circumstances of this case, nullified any claim arising under the retainer contract. That contract provided specifically that "no charge for services is to be made [against plaintiff] unless successful in recovering." Mr. Tepper requested leave of the court once to withdraw from the case, was persuaded to remain in the case at the Court's request in order to attempt to reach a settlement, and then he again requested and was granted leave to withdraw approximately two months before the case was scheduled to go to trial. While the Court does not doubt that a lack of compatibility between Mr. Tepper and his client contributed to Mr. Tepper's desire to withdraw from the case, it also finds that he did not wish to undertake litigation which might be unsuccessful. In a letter written to his client on September 28, 1976, Mr. Tepper communicated the proposed $3,500 settlement offer and stated:

> "* * * As you know, we are in this case at the request of the court for the purpose of attempting to effect a settlement of this lawsuit and that as far as I am concerned, should you decide you do not wish to accept the $3500.00 offer, we will be renewing our request of the court to allow us to withdraw from the case. Our withdrawal has nothing to do with any conflict, particularly any new conflicts at this time with you, but it has to do with a number of things, among them our inability to proceed to trial on the

basis of not being able to proceed with the proper kind of discovery examinations which would be necessary in order for us to conduct a proper trial on your behalf. * * * " [Exhibit D to plaintiff's motion to hold attorney's lien invalid, filed March 20, 1978.]

A contingency fee arrangement has an element of risk for any attorney who undertakes representation of a client and may ultimately be unrewarding even if the client is successful in his action, but it imposes on the attorney the duty to carry his client's claim through litigation, if necessary, and the Court believes that the attorney forfeits his right to recover under the arrangement if he declines to litigate an action because of expense or because he doubts that the litigation will be successful.

*Knoll v. Klatt,* 43 Wis.2d 265, 168 N.W.2d 555 (1969), which Mr. Tepper cites in support of his claim, is inapplicable. The Court therein, while allocating a portion of a contingent recovery to the plaintiffs' first attorney who withdrew prior to settlement, also stated that it was "not confronted with any question other than the propriety of the allocation of the fees. No claim is before this court that the contract was invalid in its entirety or that Rasmussen [the first attorney] was entitled to no fees." 43 Wis.2d at 269, 168 N.W.2d at 557. Here, in contrast, the Court is presented with the question of whether the contract is invalid in its entirety, and finds that it is.

In 7 Am.Jur.2d, Attorneys at Law § 221 (1963), entitled "Abandonment of cause," it is stated that an attorney who, without justifiable cause, withdraws from a case before its termination loses all right to compensation for services rendered, as does an attorney who is engaged on a contingent fee basis and who fails to perform the contingency. On the other hand, the attorney may recover the reasonable value of services rendered where he withdraws with the client's consent. Without finding that Mr. Tepper's withdrawal from this case was completely "unjustifiable," the Court does find that in withdrawing he failed to perform the contingency on the basis of which

he had been hired and thus forfeited his right to compensation under the retainer contract.

■ There is a second reason for the Court's decision. As a result of the motions filed and status conferences held since Mr. Tepper's withdrawal, the Court is familiar with the progress of this case from the time of his withdrawal to the time of settlement and is convinced that no settlement would have been reached absent the changes in the status of the case which occurred subsequent to Mr. Tepper's withdrawal. Specifically, the Court believes that settlement was greatly facilitated by the plaintiff's success on his motion to add a pendent state claim for negligence and his success in having Milwaukee County brought into the action as a third-party defendant. Thus, while the plaintiff did ultimately recover for the same injury with regard to which he hired Mr. Tepper, the change in the nature of plaintiff's formal cause of action was not insignificant because of the effect it had on the willingness of the defendants to settle the action, and it was in reality, as well as in form, a different cause of action than the one in connection with which the $3,500 settlement offer was made.

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiff Odell M. Hardison to hold the attorney's lien of Jerome A. Tepper invalid is granted.

IT IS FURTHER ORDERED that the clerk of court for the United States District Court for the Eastern District of Wisconsin pay to the order of plaintiff Odell M. Hardison and Frankel, Langhammer and Pines, his attorneys, the sum of $1,050 which is on deposit with the clerk of court, plus whatever interest may have accrued on the proceeds of the settlement of this case since the date of deposit with the clerk of court.